UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE SHAWN SMITH,

      Plaintiff,                             Civil Action No. 18-CV-13560

vs.                                   HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS

      This matter is presently before the Court on cross motions for summary judgment [docket entries 13 and 15]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

      Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying her applications for social security disability benefits and supplemental security income benefits. An Administrative Law Judge ("ALJ") held a hearing in April 2018 (Tr. 40-67) and issued a decision denying benefits in May 2018 (Tr. 13-33). This became defendant's final decision in October 2018 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

      Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

          must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's decision, plaintiff was forty-seven years old (Tr. 32). She has a high school education and work experience as an automotive assembler, office clerk, and security guard (Tr. 45, 58). Plaintiff claims she has been disabled since May 2014 due to epilepsy, right shoulder issues, migraines, and depression (Tr. 400). The claimed disability onset date coincides with the date plaintiff experienced a seizure for which she was hospitalized for two days (Tr. 497).

The ALJ found that plaintiff's severe impairments are "degenerative disc disease of the cervical spine, osteoarthritis of the right hip, seizure disorder, headaches, obesity, hypertension, and major depressive disorder" (Tr. 20). The ALJ further found that despite these impairments plaintiff has the residual functional capacity ("RFC") to perform a limited range of light work.[1] A

---

[1] 20 C.F.R. §§ 404.1567(a) and 416.967(b) define light work as follows:

vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform certain unskilled jobs as a laundry sorter, office helper, or inspector (Tr. 67). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and determined that she is not disabled (Tr. 33).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because his RFC evaluation of plaintiff is flawed. Since the hypothetical question incorporated this flawed RFC

---

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

The ALJ found that plaintiff can perform light work

> except the claimant can never climb ladders, ropes, or scaffolds, and can only occasionally climb ramps or stairs. She is also limited to occasional balancing, stooping, kneeling, crouching, and crawling. The claimant can frequently perform fingering. She must avoid all exposure to unprotected heights and hazards such as moving machinery. Work is limited to simple routine and repetitive tasks; performed in a work environment free of fast paced production; involving only simple work related decisions; and with few, if any, workplace changes. The claimant is limited to occasional interaction with [the] public.

(Tr. 23).

evaluation, it failed to describe plaintiff in all relevant respects and the VE's testimony given in response thereto cannot be used to carry defendant's burden to prove the existence of a significant number of jobs plaintiff is capable of performing.

Plaintiff's RFC evaluation is flawed for the following reasons. First, the ALJ failed to consider the side effects of plaintiff's medications. The record indicates that plaintiff takes, or at various times has taken, a number of medications, including Cozaar (Losartan), Keppra (Levetiracetam), Topamax (Topiramate), Lisinopril, Lovenox, Hydrocodone-acetaminophen, Belviq (Lorcaserin), Imitrex (Sumatriptan), Lamictal (Lamotrigine), Trileptal (Oxcarbazepine), Ativan (Lorazepam), Nortriptyline (Pamelor), Xanax, Vimpat (Lacosamide), Trazodone (Desyrel), Sumatriptan, Hyzaar (Losartan-hydrochlorothiazide), Norco (Hydrocodone-acetaminophen), Cymbalta, Ambien (Zolpidem), Catapres (Clonidine), Famotidine, Norvasc, Zofran, Estrace (Estradiol), Haldol (Haloperidol), Lexapro, Remeron (Mirtazapine), Atarax (Hydroxyzine hydrochloride), Restoril (Temazepam), Cyclobenzaprine, and Adipex (Tr. 402, 426, 490, 506, 523, 529-30, 538-40, 544, 547, 586, 601-02, 618, 628, 652, 656, 667, 731, 739, 741, 744, 764-65, 768, 775, 781-82, 793, 807-08, 827, 835, 845, 870-71), some of which have known side effects. On her function report, plaintiff reported that one of her medications causes her "los[s] of memory" and "slurring speech" (Tr. 416, 436). She reported to one of her physicians that she believed Lamictal was causing her memory problems and fatigue, and that two of her other medications were "causing breakthrough seizures or side effects" (Tr. 538).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects

impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; and adjust his RFC evaluation of plaintiff and his hypothetical question(s) to the VE, as appropriate.

Second, the RFC evaluation is flawed because the ALJ neglected to make required findings concerning the effect of plaintiff's obesity on her other impairments. The ALJ found that obesity is one of plaintiff's severe impairments[2] (Tr. 20) and that her obesity "is severe for [sic] exacerbating the pain and mobility limitations stemming from her musculoskeletal disorders. However, the claimant's combined impairment, including obesity, do not cause disabling limitations" (Tr. 20). This finding fails to comply with the regulations requiring ALJs to consider the effects of a claimant's obesity at all steps of the sequential evaluation process. *See* SSR 02-1p; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q ("when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators must consider any additional and cumulative effects of obesity."). It does not suffice for the ALJ to find that plaintiff's obesity exacerbates her pain and "mobility

---

[2] Under defendant's regulations, a person with a body-mass index ("BMI") of 30 or higher is considered to be obese, and a person with a BMI of 40 or higher is considered to be extremely so. *See* SSR 02-1p. The record indicates that plaintiff's BMI has fluctuated between 32.5 (Tr. 730) and 36.3 (Tr. 840).

limitations" without explaining the extent of this exacerbation and the effect on her RFC. On remand, the ALJ must make findings as to the effect of plaintiff's obesity on her other impairments. In particular, the ALJ must determine the extent to which plaintiff's obesity exacerbates her back and hip pain and/or diminishes her ability to sit, stand, or walk. The ALJ must include any such findings in reevaluating plaintiff's RFC and, as appropriate, in framing revised hypothetical question(s) to the VE.

Third, the RFC evaluation is flawed because the ALJ unjustifiably minimized the significance of plaintiff's right hip impairment. While the ALJ found that "osteoarthritis of the right hip" is one of plaintiff's severe impairments (Tr. 20), he also found that plaintiff has the ability to do light-level work which, as noted above, involves a significant amount of standing and walking. Substantial evidence does not support the finding that plaintiff can sit and stand throughout an eight-hour work day. A CT scan in October 2015 showed "[m]oderate posterior medial osteoarthritis of the right hip" with "moderately severe joint space narrowing of the posterior medial joint space" (Tr. 581). The same month, an occupational therapist noted that plaintiff was able to sit for twenty-eight minutes before needing to change position and that she was able to stand for thirteen minutes before needing to sit (Tr. 553). This occupational therapist opined that in an eight-hour work day plaintiff could sit for three hours, stand for one hour, and walk for forty minutes (Tr. 558). Plaintiff has received a number of injections to treat her right hip degenerative joint disease (Tr. 676-91). When plaintiff saw Dr. Abdulah Omari, M.D., at Oakwood Orthopaedic Services in March 2016, her chief complaint was "can't stand on right leg" (Tr. 712). Another of plaintiff's treating physicians, Dr. Perez, M.D., noted in September 2016 that plaintiff "could not stand on rt hip, sec to pain" (Tr. 844). At the hearing, plaintiff testified that she can sit for five minutes before needing to stand, and that

she can stand for five to ten minutes but cannot put any pressure on her right leg (Tr. 55). Even Dr. Katherine Karo, D.O., who examined plaintiff in November 2017 at defendant's request, opined that plaintiff can sit, stand, or walk for just thirty minutes at a time, and that in an eight-hour work day she can do each of these activities for a total of only three hours (Tr. 632).

In light of this evidence, no reasonable fact-finder could determine that plaintiff has the ability to sit or stand uninterruptedly throughout an eight-hour work day. At a minimum, it would appear that plaintiff would have to be permitted to sit or stand at her option, yet the ALJ did not include this limitation in his RFC evaluation or in his hypothetical questions to the VE. It is also doubtful whether plaintiff can do light-level work, even with a sit-stand option, given plaintiff's limited ability to sit, stand, and walk, but it will be for the ALJ to make this determination. On remand, the ALJ must reconsider all of the evidence regarding plaintiff's right hip osteoarthritis, reassess plaintiff's RFC (particularly the effect of plaintiff's right hip impairment on plaintiff's ability to sit, stand, and walk), and put revised hypothetical question(s) to the VE, as appropriate.

For the reasons stated above, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded to defendant for further proceedings as required above. This is a sentence four remand under § 405(g).


                                    s/Bernard A. Friedman
Dated:  June 3, 2019                BERNARD A. FRIEDMAN
        Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE